UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ANTHONY PAULLEY,

                       Plaintiff,

          v.

THE PEOPLE OF THE STATE OF NEW YORK,
DEPARTMENT OF CORRECTIONS, JUDGE
AGRESSA,

                       Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CV-3077 (MKB)

MARGO K. BRODIE, United States District Judge:

On May 8, 2014, Plaintiff Anthony Paulley, currently incarcerated at Auburn Correctional Facility and proceeding *pro* se, commenced this action pursuant to 42 U.S.C. § 1983 against the People of the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS") and Judge Thomas S. Agresta of the New York Supreme Court, Queens County,[1] alleging that his 1982 state court conviction was unconstitutional. Plaintiff seeks "freedom funds for my unlawful imprisonment." (Compl. 5.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and dismisses the Complaint for the reasons set forth below.

---

[1] Plaintiff's Complaint names as defendants "[t]he judge name[d] Judge Agressa, Queens County Court Kew Gardens," and "[t]he people of the State of New York Department of Corrections." (Compl. 3.) The Court construes the Complaint to refer to the now-retired state court judge who heard Plaintiff's criminal case, the Honorable Thomas S. Agresta, Supreme Court of the State of New York, Queens County, and to the New York State Department of Corrections and Community Supervision, under whose supervision Plaintiff is currently incarcerated.

## I. Background

On September 8, 1982, Plaintiff was convicted in the Supreme Court of the State of New York, Queens County, of murder in the second degree (two counts), and attempted robbery in the first degree. *See People v. Pauley*,[2] 508 N.Y.S.2d 610 (App. Div. 1986). The conviction was affirmed by the Appellate Division of the Supreme Court of the State of New York, Second Department, on December 1, 1986. *Id.* Leave to appeal was denied by the Court of Appeals on June 26, 1987. *People v. Pauley*, 70 N.Y.2d 653 (1987). Plaintiff argues in the Complaint that his conviction should be reversed because (1) his right to "testify before the grand jury was never granted and no waiver exist[s]"; (2) he exercised his Fifth Amendment right but the court stated that he confessed; and (3) a June 2, 1981 lineup was tainted because Plaintiff's photograph appeared in an article published in the New York Post prior to the lineup. (Compl. 4.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal

---

[2] Plaintiff spells his name "Paulley" in this Complaint, but his name is spelled "Pauley" in his state court cases and in the New York State Department of Corrections records. *See* New York State Department of Corrections and Community Supervision, *Inmate Population Information Search*, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited August 21, 2014).

2

pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Plaintiff's exclusive remedy is habeas corpus

Plaintiff seeks to "challenge the constitutionality of [his] conviction." (Compl. 4.) The Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Wallace v. Kato*, 549 U.S. 384, 392 (2007) ("Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." (citation and internal quotation marks omitted)); *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) (holding that "where the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement may be employed"). The relief Plaintiff seeks is reversal of his conviction. Accordingly, the challenge is precluded by the

3

holdings of *Preiser* and *Jenkins*, and Plaintiff may challenge his conviction in federal court only by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

Although the Court may sometimes liberally construe a complaint challenging the fact or duration of confinement as a petition for a writ for habeas corpus, the Court declines to do so here for three reasons. First, it appears that Plaintiff's habeas petition is time-barred. *See* 28 U.S.C. § 2244 (d)(1) (imposing a one-year limitations period for an application for a writ of habeas corpus); *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (finding that prisoners whose convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), April 24, 1996, were required to file their habeas corpus petitions by April 24, 1997, to meet the one-year statute of limitations imposed by AEDPA). Second, the current pleading does not demonstrate that Plaintiff has exhausted his state remedies in accordance with 28 U.S.C. § 2254 (b) and (c). Finally, it is clear from the face of the Complaint that Plaintiff's intent was to file a complaint pursuant to 42 U.S.C. § 1983. Should Plaintiff seek to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, he should review the statute of limitations and exhaustion requirements before submitting a federal petition for habeas corpus. *See* 28 U.S.C. §§ 2244(d); 2254(b).

    c.   **Section 1983 action for damages**

Plaintiff claims that this action is brought pursuant to 42 U.S.C. § 1983, and asserts that he is seeking "freedom funds for [his] unlawful imprisonment." (Compl. 5.) To the extent that Plaintiff is seeking to assert a claim for damages pursuant to 42 U.S.C. § 1983, such a claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

> whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.[3]

*Heck*, 512 U.S. at 486–87; *see also Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014) (same); *Hunter v. City of New York*, --- F. Supp. 2d ---, ---, 2014 WL 3894339, at *3 (E.D.N.Y. Aug. 11, 2014) (same). Because Plaintiff does not allege that his conviction has been reversed, declared invalid, or called into question by the issuance of a writ of habeas corpus, Plaintiff cannot assert a § 1983 claim. Plaintiff's § 1983 claim is dismissed without prejudice for failure to state a claim on which relief may be granted.[4] 28 U.S.C. § 1915A.

## III. Conclusion

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

---

[3] The favorable termination requirement announced in *Heck* was extended to actions for declaratory relief in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *See Murphy v. Travis*, 36 F. App'x 679, 681 (2d Cir. 2002) (noting that *Balisok* "appl[ied] *Heck* to claims for declaratory relief").

[4] Even if Plaintiff's § 1983 claims were not barred by *Heck*, they would be dismissed because Defendants are all immune from actions for money damages in federal court, including § 1983 actions. All claims for money damages against the "People of the State of New York" and New York state agencies, including DOCCS, are barred by the Eleventh Amendment of the United States Constitution. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. ---, ---, 131 S. Ct. 1632, 1638 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Salvodon v. New York*, No. 11-CV-2190, 2012 WL 1694613, at *2–3 (S.D.N.Y. May 14, 2012) (dismissing § 1983 claim against State of New York and DOCCS, noting that "[t]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006))).
  Plaintiff's § 1983 claim against the now-retired state court judge who heard his criminal case, the Honorable Thomas S. Agresta, Supreme Court of the State of New York, Queens County, would also be barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").

28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                                                                                      SO ORDERED:

                                                                                                                     s/MKB
                                          MARGO K. BRODIE
                                          United States District Judge

Dated: August 25, 2014
       Brooklyn, New York